1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN MATTHIAS WATSON, III

    *Petitioner*,

vs.

MR. NEVENS, *et al.,*

    *Respondents.*

2:11-cv-01032-KJD-LRL

ORDER

    This habeas action comes before the Court following upon petitioner's filing of a handwritten petition without either paying the filing fee or filing an application to proceed *in forma pauperis*.

    On preliminary review, the papers presented are subject to multiple potential defects. As noted, petitioner neither paid the filing fee nor filed a pauper application, and he states that he is able to pay the filing fee.  He further has not filed the petition on the Court's required form for a Section 2254 petition, as required by Local Rule LSR 3-1.  It further appears from a review of the papers filed and the online records of the state courts that petitioner is seeking federal court intervention during the pendency of his direct appeal.  Questions therefore arise as to whether petitioner has exhausted his state judicial remedies and whether abstention is required under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  The Court notes in this regard that the federal one-year limitation period does not run during the pendency of a timely state direct appeal.  See 28 U.S.C. § 2244(d)(1)(A).

    Review of the online records of the state courts, however, reflects that petitioner has been sentenced to death for first degree murder with the use of a deadly weapon.  Petitioner

states in the petition that he was "given the death penalty in June [2010] and sentenced to life with no parole in August 26, 2010." #1, at 1.  The online records of the state courts confirm that petitioner was sentenced to death on the murder charge *and* to life without the possibility of parole on a kidnapping charge.  His case thus is a capital case, and it is being so treated on the state court direct appeal.

This matter therefore is more appropriately initially reviewed in this Court pursuant to the procedures established for handling capital cases.  The Court therefore will direct the Clerk to change the coding of the case to a capital case and to route the case accordingly. The Court expresses no opinion at this juncture as to the final action or disposition to be taken with regard to the potential defects noted herein.

IT THEREFORE IS ORDERED that the Clerk of Court shall change the nature of suit code for this action from a 530 noncapital habeas matter to a 535 capital habeas matter.

IT FURTHER IS ORDERED that the Clerk shall remove the P3 flag from the case and shall reflag the case with the P5 and P6 flags in a manner that generates a notice of electronic filing to the capital staff attorneys.

DATED: June 27, 2011

_____
KENT J. DAWSON
United States District Judge

-2-