**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN MATTHIAS WATSON,

Petitioner,

vs.

MR. NEVEN, *et al.*,

Respondents.

2:11-cv-00191-KJD-LRL

**ORDER**

On June 23, 2011, the court received, from petitioner, a hand-written document entitled "Petition for Writ of Habeas Corpus." As noted in this court's prior order, petitioner has been convicted of murder and sentenced to death in a state court proceeding. Docket #2. With this pro se submission, petitioner describes numerous difficulties he has encountered in prosecuting his direct appeal in the Nevada Supreme Court. He seeks federal court intervention prior to the conclusion of that appeal.

Setting aside whether abstention is required under *Younger v. Harris*, 401 U.S.37 (1971), this court should not entertain a petition for a writ of habeas corpus before the petitioner's state remedies have been exhausted. *See* 28 U.S.C. § 2254(b) & (c). While it may deny relief on the merits of an unexhausted claim, the district court may not grant federal habeas relief on the merits of a claim which has not been exhausted in the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c); *Whaley v. Belleque*, 520 F.3d 997, 1003 (9th Cir. 2008). Unless there is "an absence of available State corrective process" or the existence of circumstances that "render such process ineffective to protect the rights of the applicant," the district court should not consider the merits of an unexhausted claim for federal habeas relief. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.")

Petitioner has not demonstrated there is an absence of an available state corrective process to address any claim that his convictions and sentences violate his federal constitutional rights. Accordingly, this district court should not entertain petitioner's claims because it is possible the state court will redress any error asserted by petitioner in either his direct appeal or in a state petition for post-conviction relief. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (holding that when a petitioner's appeal of his state criminal conviction is pending the petitioner must await the outcome of his appeal before his state remedies are exhausted).

A habeas petition filed in the district court after an initial habeas petition was dismissed for failure to exhaust state remedies is not a second or successive petition. *Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000). In addition, the dismissal of the pending petition without prejudice would not implicate a statute of limitations issue because the limitations period will not begin to run until petitioner's convictions and sentences are final upon the completion of state review in his direct appeal. *See*, *e.g.*, *Jackson v. Roe*, 425 F.3d 654, 660-61 (9th Cir. 2005).

In sum, the petition for federal habeas relief in this case is premature because petitioner's direct appeal is still pending in the Nevada state courts. Accordingly, any claim presented in the habeas petition has not been exhausted by fair presentment to the state courts in a procedurally correct manner. Because the state court has not had an opportunity to rule on the merits of any of

petitioner's claims and there is no statute of limitations or second or successive petition issue implicated by the dismissal of the petition, the petition should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (docket #1) is dismissed without prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the filing fee for the petition is WAIVED.

DATED: July 28, 2011

UNITED STATES DISTRICT JUDGE